IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Amanda Landi & John Landi, <br><br> Plaintiffs, <br><br> v. <br><br> Derek Stum, Individually, and VL Trucking, Inc., <br><br> Defendants. | CIVIL ACTION NO.: <br><br> **COMPLAINT** <br> (Jury Trial Demanded) <br><br> (Negligence; Negligent Entrustment; Negligent Hiring, Retention, Training, and Supervision; Negligent Maintenance) |

Plaintiffs Amanda Landi and John Landi, by and through the undersigned attorneys and complaining of Defendants above-named, would allege and show unto the Court the following:

## JURISDICTION AND VENUE

1. A motor vehicle collision which caused serious injury and significant damages to Plaintiffs occurred on October 14, 2018 in Florence County, State of South Carolina.

2. At the time of the collision, Plaintiff Amanda Landi ("Amanda") and Plaintiff John Landi ("John") were citizens and residents of the State of Florida.

3. At the time of the collision on October 14, 2018, Defendant Derek Stum (hereinafter referred to as "Stum"), upon information and belief, was a citizen and resident of the State of Pennsylvania.

4. Upon information and belief, Stum was, at all times relevant hereto, a motor carrier pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. 395.8.

5. Upon information and belief, Defendant VL Trucking, Inc. ("VL Trucking") is a trucking company with its principal place of business in the State of Illinois.

1

6. At all times material hereto, VL Trucking operated a trucking company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Florence County.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

8. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division of the District of South Carolina as the alleged acts or omissions occurred in the Florence Division of South Carolina.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Gross Negligence as to Stum and VL Trucking)

9. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

10. At all times relevant hereto, Stum was an employee, agent, and legal representative of VL Trucking and acting in the course and scope of his employment.

11. VL Trucking controlled the actions of Stum on October 14, 2018 and therefore is responsible for his actions and inactions on October 14, 2018.

12. On or about October 14, 2018 at approximately 5:31 p.m., Stum's commercial motor vehicle, owned and operated by VL Trucking, was traveling north on I-95 in Florence County, South Carolina.

13. On the same date and at the same time, Amanda was a restrained driver of a motor vehicle also traveling north on I-95 in Florence County, South Carolina and directly in front of Stum.

14. On the same date and at the same time, John was a restrained passenger in the motor vehicle being driven by Amanda and also traveling north on I-95 in Florence County, South Carolina and directly in front of Stum.

15. Amanda and John were acting in a reasonably prudent and careful manner at all times pertinent hereto.

16. Stum was following too closely directly behind Amanda and John at a speed that was too fast for the prevailing conditions and failed to bring his commercial motor vehicle to a stop before colliding with the rear of Amanda's and John's vehicle.

17. The collision occurred through no fault of Amanda or John.

18. As a result of the collision, Amanda suffered substantial body trauma, including a head injury.

19. As a result of the collision, John suffered substantial body trauma, including a head and back injury.

20. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Stum, who was acting in the course and scope of his employment, agency, and representation of VL Trucking in the following particulars:

   a. Failing to yield the right of way to Plaintiffs in accordance with S.C. Code Ann. § 56-5-580, when Plaintiffs possessed the right of way at all times pertinent hereto;

   b. Failing to control his speed in order to do everything necessary to avoid colliding with Plaintiffs, in violation of S.C. Code Ann. Section 56-5-1520(a);

   c. Following Plaintiffs' vehicle too closely, having due regard for the speed of such vehicles and the traffic upon and the condition of the roadway, in violation of S.C. Code Ann. § 56-5-1930;

   d. Failing to identify and avoid hazards in the roadway;

   e. Failing to use brakes and steer inputs to avoid hazards in the roadway;

   f. Recklessly operating a commercial motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property in violation of S.C. Code Ann. § 56-5-2920;

   g. Operating an unsafe commercial motor vehicle in violation of S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

    h. Failing to operate a commercial motor vehicle with a valid medical certificate, as required by the Federal Motor Carrier Safety Regulations ("FMCSR");

    i. Failing to operate a commercial motor vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

    j. Failing to operate a commercial motor vehicle in the manner required by the professional standards established by South Carolina, including in violation of Hours of Service rules;

    k. Failing to properly maintain, inspect, service and repair the tractor and trailer in violation of the FMCSR and state laws;

    l. Failing to properly perform and document the pre- and post-trip inspections in violation of the FMCSR and state laws;

    m. Failing to keep a proper lookout;

    n. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

    o. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

21. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Stum and VL Trucking as set out above, Plaintiffs have suffered injuries, which have caused, and in the future will cause, them pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, and other damages.

22. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Stum and VL Trucking as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Entrustment as to VL Trucking)

23. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

24. VL Trucking knew or should have known that Stum was untrained and incapable of operating the commercial motor vehicle in the manner as required by the FMCSR and state law.

25. VL Trucking knew or should have known that Stum's inexperience and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

26. VL Trucking entrusted a commercial motor vehicle to Stum despite knowing that he lacked proper training and experience.

27. VL Trucking entrusted a commercial motor vehicle to Stum despite knowing that he lacked the required medical certificate.

28. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Stum and VL Trucking as set out above, Plaintiffs have suffered injuries, which have caused, and in the future will cause, them pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, and other damages.

29. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of VL Trucking and Stum as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Hiring, Training, Retention, and Supervision as to VL Trucking)

30. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

31. VL Trucking owed statutory and common law duties to Plaintiffs to not negligently hire, supervise, or retain commercial truck drivers incapable of complying with all provisions of the FMCSR and state law.

32. VL Trucking failed to properly review, interview, or interact with Stum prior to hiring Stum as a commercial truck driver.

33. VL Trucking knew or should have known that Stum lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

34. VL Trucking knew or should have known that Stum lacked the required medical certificate to operate a commercial motor vehicle.

35. VL Trucking knew or should have known that Stum's inexperience, lack of training, and inability to comply with the FMCSR was evidence that he was unable to comply with federal law and state law and was therefore a reckless driver.

36. VL Trucking failed to comply with the FMCSR prior to utilizing Stum as a commercial truck driver.

37. VL Trucking failed to properly supervise and train Stum in violation of the FMCSR and state law.

38. VL Trucking allowed Stum to continue to operate a commercial motor vehicle without the most basic training, in violation of the FMCSR and state law.

39. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Stum and VL Trucking as set out above, Plaintiffs have suffered injuries, which have caused, and in the future will cause, them pain, suffering, mental anguish,

6

emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, and other damages.

40. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of VL Trucking and Stum as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

41. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs pray for the following:

  i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

 ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

**PIERCE SLOAN**
**KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/ Allan P. Sloan, III*
Allan P. Sloan, III (Fed ID 6268)
J. Morgan Forrester (Fed ID 12129)
R. Richard Gergel (Fed. ID No. 13170)
Carson R. Parker (Fed ID 12727)
chipsloan@piercesloan.com
morganforrester@piercesloan.com
richardgergel@piercesloan.com
carsonparker@piercesloan.com
*Attorneys for Plaintiffs*

October 12, 2021
Charleston, South Carolina